**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1883-14T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KEITH M. KENION,

    Defendant-Appellant.

_____

        Submitted October 17, 2017 — Decided November 27, 2017

        Before Judges Yannotti and Mawla.

        On appeal from Superior Court of New Jersey,
        Law Division, Cumberland County, Indictment
        No. 04-02-0178.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Laura B. Lasota, Assistant
        Deputy Public Defender, of counsel and on the
        brief).

        Jennifer Webb-McRae, Cumberland County
        Prosecutor, attorney for respondent (Stephen
        C. Sayer, Assistant Prosecutor, on the brief).

        Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Keith M. Kenion appeals from a September 22, 2014 order entered by the Law Division, which denied his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

Defendant was tried and found guilty by a jury of two counts of first-degree kidnapping, N.J.S.A. 2C:13-1(b)(1), two counts of third-degree criminal restraint, N.J.S.A. 2C:13-2(a), two counts of first-degree robbery, N.J.S.A. 2C:15-1(a)(1), one count of first-degree conspiracy, N.J.S.A. 2C:5-2, one count of second-degree burglary, N.J.S.A. 2C:18-2, one count of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), and two counts of third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7).

The trial court sentenced defendant to an aggregate term of life in prison, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. On appeal, we affirmed defendant's convictions, but remanded the matter to the trial court for resentencing with regard to the extended term. State v. Kenion, No. A-5665-05 (App. Div. July 13, 2009) (slip op. at 41-42). On remand, the trial court again sentenced defendant to life in prison, subject to NERA. The Supreme Court denied defendant's petition for certification. Thereafter, defendant filed his PCR petition, which was denied.

We summarize the facts underlying defendant's conviction, which were set forth in greater detail in our opinion on defendant's direct appeal from his conviction. On September 8, 2003, defendant and co-defendant Wayne Parker entered the home of Anthony and Carolyn Young, then ages 81 and 80, respectively. Defendant struck Mr. Young in the head with ceramic household objects and compelled Mr. Young to show him the location of a coin collection he maintained. Defendant then bound and gagged Mr. Young.

Parker assaulted Mrs. Young and forced her to open a safe and locked drawers containing coins and other valuables, which were removed, and then bound her with ripped clothing. A third accomplice, John Palmer, appeared and helped remove the valuables from the residence. Defendant, Parker, and Palmer fled when someone came to the residence and rang the doorbell. Mrs. Young untied herself and untied and removed the gag from Mr. Young, who was unresponsive.

Mrs. Young spent a week in the hospital recovering from her injuries. In our previous opinion, we described Mr. Young's condition as follows:

> Mr. Young was diagnosed with blunt force trauma to the head, multiple facial fractures and severe swelling. Doctors deemed him unfit for surgery due to his pre-existing medical condition. As a result, his injuries are

> unlikely to heal or to heal well. His . . .
> injuries created a substantial risk of death
> and of serious impairment of his ability to
> eat solid foods.
>
> [Kenion, supra, No. A-5665-05, (slip op. at
> n. 6).]

Mrs. Young gave a description of the assailants and specifically naming Parker. Police interviewed Parker's girlfriend and obtained search warrants for her vehicle and home, where they recovered objects taken from the Young residence. Police also obtained and executed a search warrant for the residence occupied by Parker. While doing so, police observed Palmer and two individuals drive by the residence twice. Police stopped the vehicle. Detective Francine Webb and another officer recovered coins belonging to the Youngs from Palmer, who was operating the vehicle. After police secured Palmer in their vehicle, they returned to the vehicle Palmer had been operating, and removed defendant. They discovered more currency and coins belonging to the Youngs on the back seat and floor of the vehicle next to defendant.

Detective Webb asked defendant "[A]re you Keith[?]" and defendant responded "[Y]es. I'm from North Carolina. I'm Keith Kenion." After defendant was removed from the vehicle, a pat down by another officer yielded more coins belonging to the Youngs. Defendant was thereafter tried, convicted, and sentenced.

Defendant's counsel raises the following arguments on appeal from denial of his PCR petition:

> POINT I — BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL, AN EVIDENTIARY HEARING WAS REQUIRED.
>
> POINT II — THE MATTER SHOULD BE REMANDED FOR A PCR HEARING REGARDING DEFENDANT'S PRO SE ALLEGATIONS WHICH WERE NOT PROPERLY DEVELOPED IN PCR COUNSEL'S SUPPORTING BRIEF OR ARGUMENT.
>
> POINT III — A REMAND IS REQUIRED AS THE PCR COURT FAILED TO ADEQUATELY CONSIDER AND RULE UPON ALL OF DEFENDANT'S POST-CONVICTION RELIEF CLAIMS.

In his pro se brief, defendant raises the following arguments:

> POINT I — INEFFECTIVE ASSISTANCE WHEN TRIAL COUNSEL ILLEGALLY FILED APPELLANT'S PRETRIAL SUPPRESSION MOTION PRO SE WHILE APPELLANT WAS REPRESENTED BY COUNSEL.
>
> POINT II — INEFFECTIVE ASSISTANCE WHEN COUNSEL FAILED TO LITIGATE A MERITORIOUS FOURTH AMENDMENT CLAIM OF INVALID[LY] ISSUE[D] COMPLAINT WARRANTS.
>
> POINT III — THE STATE DID NOT [PROVE] ALL OF THE ELEMENTS OF KIDNAPPING BEYOND A REASONABLE DOUBT.
>
> POINT IV — INEFFECTIVE ASSISTANCE WHEN TRIAL COUNSEL ILLEGALLY FILED APPELLANT'S PRETRIAL SUPPRESSION MOTION [PRO SE] WHILE APPELLANT WAS REPRESENTED BY COUNSEL.
>
> POINT V — THE PCR COURT ERRED, BY USING [N.J.S.A. 2C:13-1(b)(2)] KIDNAPPING CHARGE, THAT THE APPELLANT WAS FOUND NOT GUILTY OF TO UPHOLD THE WRONGFUL CONVICTION OF KIDNAPPING UNDER [N.J.S.A. 2C:13-1(b)(1)] VIOLATING [] DUE PROCESS OF LAW, U.S. CONST. AMEND. XIV.

II.

The PCR process affords an adjudged criminal defendant a "last chance to challenge the 'fairness and reliability of a criminal verdict[.']" State v. Nash, 212 N.J. 518, 540 (2013); see also R. 3:22-1. As to our standard of review, "where the [PCR] court does not hold an evidentiary hearing, we may exercise de novo review over the factual inferences the trial court has drawn from the documentary record." State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014) (citing State v. Harris, 181 N.J. 391, 420-21 (2004), cert. denied, 545 U.S. 1145, 125 S. Ct. 2973, 162 L. Ed. 2d 898 (2005)).

"Post-conviction relief is neither a substitute for direct appeal, [Rule] 3:22-3, nor an opportunity to relitigate cases already decided on the merits, [Rule] 3:22-5." State v. Preciose, 129 N.J. 451, 459 (1992).

> Consequently, petitioners may be procedurally
> barred from post-conviction relief under Rule
> 3:22-4 if they could have, but did not, raise
> the claim in a prior proceeding, unless they
> satisfy one of the following exceptions:
>
> > (a) that the ground for relief not
> > previously asserted could not
> > reasonably have been raised in any
> > prior proceeding; or (b) that
> > enforcement of the bar would result
> > in fundamental injustice; or (c)
> > that denial of relief would be
> > contrary to the Constitution of the

> United States or the State of New Jersey.

> [Ibid.]

In order to establish ineffective assistance of counsel, defendant must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). Defendant must show: (1) "counsel's performance was deficient[,]" which requires defendant to prove "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) "the deficient performance prejudiced the defendant" because "counsel's errors were so serious as to deprive defendant of a fair trial[.]" Fritz, supra, 105 N.J. at 52 (quoting Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693).

## III.

In his counseled brief, defendant contends trial counsel was ineffective because he failed to conduct an adequate investigation of the case. Specifically, he asserts trial counsel should have obtained a medical expert to testify about the victims' injuries.

In order for a defendant to establish a prima facie case for PCR, that defendant "must do more than make bald assertions that

he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999).

The PCR court found defendant's arguments to be without merit. We agree. Defendant failed to provide an expert report demonstrating what an expert would have stated regarding the victims' injuries. Moreover, defendant failed to demonstrate prejudice. Defendant has made no showing of how a more thorough investigation of the case or the testimony of a medical expert would have led to a different result. Thus, we reject defendant's arguments regarding ineffective assistance of counsel.

IV.

Defendant argues his PCR counsel failed to adequately investigate or substantiate the claims made by defendant in his pro se petition. We disagree and find this argument to be without merit.

Rule 3:22-6(d) states in relevant part: "Counsel should advance all of the legitimate arguments requested by the defendant that the record will support." Therefore, counsel is obliged "to communicate with his client and investigate the claims." State v. Rue, 175 N.J. 1, 18 (2002). "Thereafter, counsel should advance all legitimate arguments that the record will support. If after

investigation counsel can formulate no fair legal argument in support of a particular claim raised by defendant, no argument need be made on that point." State v. Hicks, 411 N.J. Super. 370, 375 (App. Div. 2010) (quoting State v. Webster, 187 N.J. 254, 257 (2006)).

Under such circumstances, "[i]f after reviewing the pro se petition and brief counsel is satisfied that no further argument or elaboration is required, counsel must so certify to the reviewing court." Hicks, supra, 411 N.J. Super. at 377. PCR counsel is not required to present expository argument on these points, but rather "may choose to stand on [his brief] at the hearing[.]" Webster, supra, 187 N.J. at 257 (quoting Rue, supra, 175 N.J. at 19).

Here, PCR counsel adequately addressed the arguments made by defendant in his pro se brief. PCR counsel substantiated defendant's meritorious arguments, and set forth the remaining arguments. Moreover, PCR counsel verified he had spoken to defendant about his case and the contents of his pro se brief, and confirmed the court had received defendant's pro se brief. Therefore, we reject defendant's argument that PCR counsel failed to adequately investigate or substantiate the claims made by defendant in his pro se petition.

A-1883-14T4

V.

Defendant argues a remand is required because the PCR court failed to adequately consider and rule upon all of his PCR claims. We disagree.

Defendant contends trial counsel was ineffective for failing to file the appropriate motion to have the indictment dismissed as a result of the State's failure to provide the grand jury with exculpatory medical reports. There is no evidence to suggest any medical reports possessed by the State would have exculpated defendant if presented to the grand jury. This argument lacks sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Defendant argues trial counsel was ineffective for failing to call as witnesses the doctors who examined the victims and possessed exculpatory and impeaching evidence. The PCR court indicated there was no evidence that any expert witness existed who was capable of providing any exculpatory or impeaching evidence. We agree. This too is a bald assertion, which lacks merit. R. 2:11-3(e)(1)(E).

Defendant argues his trial and appellate counsel were ineffective for failing to challenge the State's facts on the kidnapping charge. He asserted his trial counsel failed to address his claim that the victims were not bound and were therefore able

to leave. The PCR court noted the evidence presented at trial and accepted by the jury established that Mrs. Young was in fact bound. The PCR court found "[t]here's no evidence that's been presented here that indicates that the individual victims were free to leave at any time during the commission of this offense."

We agree with the PCR court's finding. Defendant's brief and the record are devoid of objective evidence his counsel could present to the jury or on appeal that the victims were not bound. Defendant offers no objective evidence to counter the testimony and evidence presented by the State at trial that his victims were indeed assaulted and bound after they were made to disclose the location of their valuables. Defendant has not demonstrated a prima facie case of ineffective counsel to support this claim. Moreover, this claim is barred by Rule 3:22-4, as defendant had the opportunity to present it at trial and on appeal, but failed to do so.

Defendant asserts the trial court erred in denying defense counsel's motion to remove a juror. Specifically, during the trial it was revealed that a juror's daughter had been assaulted. This argument is barred by Rule 3:22-4 because defendant did not raise it on appeal. Moreover, defendant's brief is devoid of an argument substantiating this claim. Therefore, it lacks merit. R. 2:11-3(e)(1)(E).

Defendant argues his trial counsel was ineffective because he failed to challenge the introduction of certain allegedly prejudicial testimony at trial. Specifically, defendant asserts he was prejudiced by Mrs. Young's testimony that she had been sexually assaulted by Parker. Defendant also argues he was prejudiced because defense counsel did not challenge the testimony of the State's expert medical witness that Mr. Young could not have surgery because of his advanced age. Defendant claims this testimony deprived him of a fair trial. Defendant also argues his appellate counsel was ineffective for failing to raise these arguments on appeal.

We reject defendant's claim the testimony regarding the sexual assault was prejudicial because it was raised on appeal and adjudicated. Indeed, we stated:

> The jury knew from the beginning of the trial that there might be some evidence of a sexual assault. Moreover, the record strongly suggests that Mrs. Young became confused during cross-examination or simply misunderstood the questions posed by defense counsel. The judge forcefully informed the jury defendant was not charged with that offense[.]
>
> [Kenion, supra, slip op. at 28; R. 3:22-5.]

The PCR court found the submission of an expert report unavailing because the report pertained to Mrs. Young's injuries and did not address the severity of the injuries suffered by Mr.

Young.  The PCR court also found that the defense strategy not to challenge the State's expert as to the injuries suffered by Mr. Young sound because doing so "would tend to actually hurt the defense by focusing on the injuries of these individuals at the time of trial."

We agree.  We also decline to revisit our assessment of this argument because we have already addressed it on appeal.  <u>Kenion</u>, <u>supra</u>, slip op. at 27; <u>R.</u> 3:22-5.

Defendant also asserts his trial counsel was ineffective because counsel did not request a lesser-included charge for third-degree aggravated assault be considered by the jury.  The PCR court found "there had been no information submitted that would cause the court to question the degree that the jury convicted defendant on, particularly with regard to the aggravated assault and kidnaping charges."  We agree.  Defendant's arguments on this issue lack sufficient merit to warrant further comment.  <u>R.</u> 2:11-3(e)(2).

Defendant's PCR petition also asserted his trial counsel was ineffective because he failed to object to the trial court's jury instruction on accomplice liability after the jury informed the trial court it did not understand the charge.  We addressed this argument on appeal and concluded the jury instruction was proper.

A-1883-14T4

<u>Kenion</u>, <u>supra</u>, slip op. at 37-38. Therefore, defendant's claim is barred by <u>Rule</u> 3:22-5.

Defendant also argues his trial counsel was ineffective because he failed to argue against the trial court's imposition of an extended term as a part of the sentence. The PCR court properly declined to address this argument pursuant to <u>Rule</u> 3:22-5 because we already addressed defendant's sentence claims in the first appeal. <u>Kenion</u>, <u>supra</u>, slip op. at 40-41. Notwithstanding the procedural bar, the PCR court noted that although prosecutor possesses sole discretion whether to seek an extended term, "defense counsel did argue against the imposition of the extended term." Defendant's argument on this issue lacks sufficient merit to warrant further comment. <u>R.</u> 2:11-3(e)(2).

Defendant contends trial counsel was ineffective for failing to request criminal records of the State's witnesses, failing to object to expert testimony, and failing to object to the first-degree robbery charges. He also argues trial counsel was ineffective for failing to file a motion regarding Palmer's allegedly contradictory testimony, failing to effectively cross-examine the State's witness, and failing to address the alleged inconsistences in the State's case regarding the kidnapping charges, and appellate counsel was ineffective for failing to raise these latter issues on direct appeal. Defendant fails to

14

meet either prong of <u>Strickland</u> in asserting these arguments. These contentions are neither substantiated by defendant in his brief nor meritorious. <u>R.</u> 2:11-3(e)(1)(E).

We therefore reject defendant's contention that the PCR court did not adequately address his claims. We further reject his argument that a remand is required.

## VI.

In his pro se brief on appeal, defendant argues his trial counsel was ineffective because he permitted defendant to file a pro se motion to suppress the evidence gathered from his arrest as opposed to through defense counsel. Defendant also argues his trial counsel was ineffective because he did not challenge the statements of Detective Webb that the items taken from the victims were found in plain view at the time of arrest. Defendant asserts the Detective made different representations before and after the arrest regarding how she discovered the stolen objects.

The PCR court found defendant demonstrated no prejudice as a result of his trial counsel allowing him to file a pro se suppression motion. Moreover, during the PCR hearing, the State explained that Detective Webb could not have misrepresented the truth to obtain a search warrant because "[w]hen she relayed everything to the judge, she hadn't yet had the plain view observation," which she later represented to the prosecutor.

15                                                    A-1883-14T4

We agree. Defendant has not presented any evidence the filing of a pro se motion to suppress prejudiced him. At most, the motion was fruitless because we rejected defendant's arguments regarding the validity of the warrants in this matter. <u>Kenion</u>, <u>supra</u>, slip op. at 38.

Defendant argues the State did not prove the elements of kidnapping. He argues he was not found guilty of "inflict[ing] bodily injury on or to terrorize the victim or another." <u>N.J.S.A.</u> 2C:13-1(b)(2). Defendant claims the PCR court incorrectly upheld defendant's convictions on two counts of first-degree kidnapping as a result. As the State noted during the PCR hearing, defendant was indicted on both first- and second-degree kidnapping and convicted on two counts of first-degree kidnapping. Defendant's claim that this was somehow erroneous lacks merit and is unsupported by the evidence in the record. The conviction demonstrates the jury found defendant and his accomplices committed bodily injury and terrorized both elderly victims.

Finally, defendant contends his trial counsel was ineffective for failing to litigate a meritorious suppression motion related to the validity of his arrest warrant, and for filing his pro se motion to suppress related to Detective Webb's allegedly inconsistent testimony to the grand jury. Defendant fails to meet either prong of <u>Strickland</u> in asserting these arguments. These

16

contentions lack sufficient merit to warrant discussion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1883-14T4